FILED

2003 NOV -6 P 2: 37

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE W. TATE and DWAYNE TATE, | : | CIVIL ACTION NO: |
| Plaintiffs, | : | 3:01CV1280 (SRU) |
| | : | |
| vs. | : | |
| | : | |
| TOWN OF BLOOMFIELD | : | |
| OFFICER SEAN CECCHINI | : | |
| OFFICER DON RAJTAR, | : | NOVEMBER 5, 2003 |
| Defendants. | | |

**PLAINTIFFS' MEMORANDUM
RE: EVIDENCE OF SUBSEQUENT CONVICTIONS**

The plaintiffs hereby respectfully submit the following Memorandum of Law in support of their Motion in Limine regarding the evidence of Dwayne Tate's criminal record.

**FACTS**

Counsel for the defendants intends to introduce evidence of Dwayne Tate's arrest on or about November 19, 1999 and entry of a guilty plea for breach of peace in violation of §53a-181 and conspiracy to commit larceny 6th in violation of §53a-125b on June 29, 2000. It is anticipated that defense counsel will attempt to introduce the conviction evidence by elicitation on cross examination or through the introduction of a public record.

**LAW & ARGUMENT**

According to Federal Rule of Evidence 609(a)(1), "evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted . . . "

The criminal record that defense counsel seeks to introduce pertain to guilty pleas entered for misdemeanors. On June 29, 2000 Dwayne Tate pled guilty to breach of the peace in the second degree, a class B misdemeanor, which carries a sentence not to exceed six months. On June 29, 2000 Dwayne Tate pled guilty to conspiracy to commit larceny in the sixth degree, a class C misdemeanor, which carries a sentence not to exceed three months. The criminal records that defense counsel seeks to introduce are not admissible pursuant to the Federal Rule of Evidence 609(a)(1).

Furthermore, the evidence that Dwayne Tate subsequently plead guilty to two misdemeanors on June 29, 2000 should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice.

WHEREFORE, for all of the foregoing reasons the Plaintiffs request that their Motion in Limine be granted.

PLAINTIFFS, GEORGE W. TATE and<br>
DWAYNE TATE<br>
BY _____<br>
Jon D. Golas<br>
Federal Bar Number: ct23324<br>
Golas, Golas & Golas, P.C.

945 Main Street, Suite 306<br>
Manchester, CT 06040<br>
Tel.#(860) 646-4545

## CERTIFICATION

This is to certify that a copy of the foregoing Memorandum has been hand delivered to the following counsel of record this 6th day of November, 2003.

Michelle N. Holmes, Esq.
Sack, Spector & Karsten LLP
836 Farmington Avenue, #221
West Hartford, CT 06119

_____<br>
Jon D. Golas<br>
Golas, Golas & Golas, P.C.<br>
945 Main Street, Suite 306<br>
Manchester, CT 06040