FILED

2003 NOV 12 P 3: 30

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE W. TATE and DWAYNE TATE,<br>    Plaintiffs, | : | CIVIL ACTION NO:<br>3:01CV1280 (SRU) |
| vs. | : | |
| TOWN OF BLOOMFIELD<br>OFFICER SEAN CECCHINI<br>OFFICER DON RAJTAR,<br>    Defendants. | :<br>:<br>: | NOVEMBER 11, 2003 |

**PLAINTIFFS' MEMORANDUM
RE: EVIDENCE OF SUBSEQUENT CONVICTIONS**

The plaintiffs hereby respectfully submit the following Memorandum of Law in support of their Motion in Limine dated November 5, 2003 regarding the evidence of Dwayne Tate's criminal record.

**FACTS**

Counsel for the defendants intends to introduce evidence of Dwayne Tate's arrest on or about November 19, 1999 and entry of a guilty plea for breach of peace in violation of §53a-181 and conspiracy to commit larceny 6th in violation of §53a-125b on June 29, 2000. It is anticipated that defense counsel will attempt to introduce the conviction evidence by elicitation on cross examination or through the introduction of a public record.

**LAW & ARGUMENT**

The basis for the defense counsel's introduction of the subsequent conviction is three-fold. First, the defendant claims evidence of the subsequent conviction is admissible as character evidence under Rule 404 (b) in that it establishes a general pattern of conduct. Second, defense counsel will claim that the subsequent is admissible under Rule 608 (b) as specific instances of conduct of the plaintiff for the purpose of attacking his credibility. Third, defense counsel will claim that the subsequent conviction is admissible as relevant evidence as to damages. All three reasons fail and the subsequent should further be barred pursuant to Rule 403 in that the probative value of the evidence is out weighed by the prejudicial.

First, pursuant to Rule 404 (b), "Evidence of other crimes, wrongs or acts is not admissible to prove character of a person in order to show action in conformity therewith." The plaintiff's subsequent conviction is clearly barred by the general rule of 404 (b). The evidence of subsequent conviction does not fit into any exception. Rule 404 (b), provides other crimes, wrongs or acts may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident…" In the present case, the subsequent conviction does not fall into any of these exceptions. Furthermore, the subsequent conviction bears no relation to the plaintiff's claim of false arrest or any other issue. The defendant's claim that the subsequent conviction is relevant to a general pattern of conduct is misguided and

2

any attempt to prejudice the jury. A pattern of conduct is not an issue in this case and is irrelevant.

Second, the claim that a subsequent conviction is probative of the truthfulness of the plaintiff is equally unpersuasive. Rule 608 (b) provides that "specific instances of the conduct of a witness, for the purpose of attacking or supporting a witness' credibility, <u>other than conviction of crime as provided in rule 609</u>, may not be proved by extrinsic evidence." However, Rule 608 (b) does allow inquiry into specific acts if found to be probative of truthfulness or untruthfulness of a witness. Courts have held the prior use of a false name, filing a false tax return, failure to file a tax return, and forgery are illustrative of acts that are probative of truthfulness. (See, <u>United States v. Ojeda</u>, 23 F.3d 1473 (8th Cir.1994); <u>United State v. Chevalier</u>, 1 F.3d 581 (7th Cir. 1993); <u>Chnapkova v. Koh</u>, 985 F.2d 79 (2d Cir1993); <u>United States v. Waldrip</u>, 981 F.2d 799 (5th Cir.1993). In the present case, the plaintiff's subsequent conviction does not fall into one of these exceptions. The plaintiffs subsequent conviction, is not an example of untruthfulness nor is it a crime of deception, and such evidence does not offer any insight into the credibility of a witness. Furthermore, the evidence is barred by rule 609 as previously outlined in plaintiff's Memorandum of Law dated November 5, 2003.

Third, the subsequent conviction is excluded by Rule 403. Rule 403 requires exclusion of evidence if its probative value is substantially outweighed by the danger of unfair prejudice. The introduction of the plaintiff's subsequent conviction is being

3

offered to prejudice the jury. Courts have held, that it is unfairly prejudicial if the evidence appeals to the juries sympathy, arouses a sense of horror, provokes an instinct to punish, or otherwise causes a jury to base its decision on something other than established propositions in the case. See, Carter v. Hewitt, 617 F.2d 961 (3d Cir.1980); United States v. Skillman, 922 F.2d 1370 (9th Cir.1990), cert. Dism'd, 502 U.S. 922 (1991).

The defendant's reliance on Lewis v. District of Columbia, 793 F.2d 361 (C.A.D.C. 1986) is misplaced. The Lewis case stands for the proposition that an individuals prior arrests and drug use were relevant to the issue of damages. In the Lewis case the plaintiff testified on direct that he suffered from nightmares and dreams as a result of his arrest. The court allowed evidence of prior convictions for the limited purpose of damages. In the present case, the issue is a subsequent conviction not a prior and is factual different from the Lewis case.

Furthermore, at this time it is premature for this court to allow evidence of a subsequent conviction without hearing the plaintiff's case in chief. It is admitted that the plaintiff has claimed emotional distress as a result of his incarceration. However, the plaintiff has not testified to a time frame for his emotional distress. In Udemba v. Nicoli, 237 F.3d 8, 14 (1st Cir.2001), the court allowed testimony of subsequent arrest as to the issue of damages because, "the appellant did not testify to a closed period of emotional distress." The court determined that since there was an open-ended time frame presented

by the plaintiff as to emotional distress, it would only be fair to allow defense counsel to cross-examine the plaintiff concerning a subsequent arrest. This is completely different from the case in chief. The plaintiff intends to testify to a close-ended time frame as to emotional distress. The plaintiff intends to testify to the emotional distress he suffered during the arrest, during his incarceration and a few days after his release. Therefore, any introduction of evidence of a subsequent conviction will be highly prejudicial and have no probative value as to the issue of damages and should be excluded pursuant to Rule 403..

WHEREFORE, for all of the foregoing reasons the Plaintiffs request that their Motion in Limine be granted.

>
> PLAINTIFFS, GEORGE W. TATE and
> DWAYNE TATE
>
> BY_____
> Jon D. Golas
> Federal Bar Number: ct23324
> Golas, Golas & Golas, P.C.
> 945 Main Street, Suite 306
> Manchester, CT 06040
> Tel.#(860) 646-4545

## CERTIFICATION

This is to certify that a copy of the foregoing Memorandum has been sent via facsimile to the following counsel of record this 11th day of November, 2003.

Michelle N. Holmes, Esq.
Sack, Spector & Karsten LLP
836 Farmington Avenue, #221
West Hartford, CT 06119

John D. Golas
Golas, Golas & Golas, P.C.
945 Main Street, Suite 306
Manchester, CT 06040