FILED

2003 NOV 12 P 3: 29

US DISTRICT COURT
BRIDGEPORT CT

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE W. TATE and DWAYNE TATE, | : | CIVIL ACTION NO: |
| Plaintiffs, | : | 3:01CV1280 (SRU) |
| | : | |
| vs. | : | |
| | : | |
| TOWN OF BLOOMFIELD | : | |
| OFFICER SEAN CECCHINI | : | |
| OFFICER DON RAJTAR, | : | NOVEMBER 11, 2003 |
| Defendants. | | |

### PLAINTIFFS' MEMORANDUM
### RE: OPPOSITION TO JUDGMENT AS A MATTER OF LAW

The plaintiffs hereby respectfully submit the following Memorandum of Law in opposition to the defendant's Motion for Judgment as a Matter of Law.

"Although municipalities are generally immune from liability in tort, municipal employees historically were personally liable for their own tortious conduct." Evon v. Andrews, 211 Conn. 501 (1989). "A municipal employee…has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act." Purzycki v. Fairfield ,244 Conn. 101, 108 (1998). There is an imminent harm exception to the rule qualified immunity, "where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm…" Burns v. Board of Education, 228 Conn. 640, 645 (1994). Courts have, "construed this exception to apply

not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims." Id at 646.

In the present case, the plaintiffs were identifiable persons subject to imminent harm. The plaintiff, was a minor at the time of this incident. The defendants arrested the plaintiff. The plaintiff was handcuffed and transported to the Bloomfield Police Department. At all times, the plaintiff was in the care, control and custody of the defendant's. The plaintiff was clearly identifiable. Further, the defendants set the plaintiffs bail at $500.00. The defendant's knew the plaintiff did not have any money to post bail. The defendant's did not allow the plaintiff to make a phone call to an attorney or to his parents. The defendant's did not contact the plaintiff's parents to inform that their son had been arrested. As a result of the defendant's conduct the plaintiff was put in jail without the possibility of release. The defendant's knew that the plaintiff was subject to imminent harm.

WHEREFORE, for all of the foregoing reasons the Plaintiffs request that the Motion for Judgment as a Matter of Law be denied.

PLAINTIFFS, GEORGE W. TATE and DWAYNE TATE

BY_____
Jon D. Golas
Federal Bar Number: ct23324
Golas, Golas & Golas, P.C.
945 Main Street, Suite 306
Manchester, CT 06040

2

## CERTIFICATION

This is to certify that a copy of the foregoing Memorandum has been sent via

facsimile to the following counsel of record this 11th day of November, 2003.


Michelle N. Holmes, Esq.
Sack, Spector & Karsten LLP
836 Farmington Avenue, #221
West Hartford, CT 06119

Jon D. Golas
Golas, Golas & Golas, P.C.
945 Main Street, Suite 306
Manchester, CT 06040

3