FILED

2003 NOV 12 P 3: 29

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE W. TATE and DWAYNE TATE,<br>　　Plaintiffs, | : | CIVIL ACTION NO:<br>3:01CV1280 (SRU) |
| vs. | : | |
| TOWN OF BLOOMFIELD<br>OFFICER SEAN CECCHINI<br>OFFICER DON RAJTAR,<br>　　Defendants. | : | NOVEMBER 11, 2003 |

**PLAINTIFFS' MEMORANDUM**

Pursuant to Connecticut Law, "the term 'minor' shall be deemed to refer to a person under the age of eighteen years ..."C.G.S.§1-1d. At all times mentioned in the complaint (June 18, 1999), the plaintiff, Dwayne Tate, was a minor person born on October 19, 1981.

At the time of plaintiff's arrest the police officer owed a duty to the plaintiff under C.G.S.§ 54-63c to advise the plaintiff of his rights and further to comply with the procedures for release from custody applicable to plaintiff for the bailable offense with which he was charged. Section (a) thereof provides:

(1) the arrested person shall be promptly advised of his rights under section 54-1b, and of his right to be interviewed concerning the terms and conditions of his release;

(2) that the arrested person's counsel may be present during the interview;

(3) the police officer shall promptly interview the arrested person to obtain information relevant to the terms and conditions of the person's release from custody;

(4) the police officer shall promptly order the release of the arrested person upon the execution of a written promise to appear or the posting of such bond as may be set by the police officer; and

(5) if the arrested person has not posted bail, the police officer shall immediately notify a bail commissioner. (bail commissioner duties are set forth in C.G.S.§ 54-63d)

C.G.S.§ 54-1b provides in part, that the arrested person shall be advised (by the police officer) that he has the right to counsel and further that such arrested person shall be allowed a reasonable opportunity to consult counsel.

All offenses are bailable, except in cases of arrest pursuant to a bench warrant of arrest in which the court or a judge thereof has provided otherwise.

If not express, the duty of the police officer to provide the opportunity for and the right of the arrested person to make a phone call or calls is implicit in the statutory scheme articulated by the Connecticut Legislature for the release from custody of persons arrested for bailable offenses. The person arrested has the right to counsel and shall be allowed to consult with counsel prior to his right to be interviewed by the police concerning the terms of his release.

How can the arrested person avail himself of the rights afforded to him in this situation if he is not allowed to use the phone to call an attorney?

Further, the police officer shall promptly order the release of the arrested person upon the posting of such bond as may be set by the police officer, in this case a surety bond. How can the arrested person, in this case a minor, avail himself of the right to be released from custody if he cannot call a bondsman and his parent to provide payment or security to the surety?

> C.G.S.§ 54-199 provides in part, that "Whenever any minor charged with the commission of an offense is to appear in any court, he shall be accompanied by one of his parents.... If any such parent fails to appear...the court may issue a subpoena to compel his attendance. Failure to appear in response to such subpoena shall be punishable as a contempt of court."

Clearly, the police officer had a duty to provide the opportunity for the plaintiff to make a phone call or calls or to place these phone calls on behalf of the plaintiff, including a call to the plaintiff's parents.

The case cited by the defendants, State of Connecticut v. Anne H. Hills, 2 Conn. Cir. Ct. 600; 203 A.2d 313 (1964) is not applicable to the case before this court for several reasons. First, the case cited is a pre-Miranda decision, Miranda v. Arizona, 384 U.S. 436 (1966). Second, the case cited does not deal with the rights of an arrested person

3

under C.G.S.§ 54-63c. Third, the case cited does not involve the rights of the minor as an arrested person. And Fourth, the case cited dealt with an adult defendant that was emotionally incapable of using the phone. In conclusion the case cited by the defendants cannot be used as support for the failure of these defendants to provide the plaintiff with the opportunity to make a phone call or calls.

PLAINTIFFS, GEORGE W. TATE and DWAYNE TATE

BY _____
Jon D. Golas
Federal Bar Number: ct23324
Golas, Golas & Golas, P.C.
945 Main Street, Suite 306
Manchester, CT 06040

4

## CERTIFICATION

This is to certify that a copy of the foregoing Memorandum has been sent via facsimile to the following counsel of record this 11th day of November, 2003.

Michelle N. Holmes, Esq.
Sack, Spector & Karsten LLP
836 Farmington Avenue, #221
West Hartford, CT 06119

_____
Jon D. Golas
Golas, Golas & Golas, P.C.
945 Main Street, Suite 306
Manchester, CT 06040