UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE TATE and DWAYNE TATE,<br>    Plaintiffs, | : | CIVIL NO.: 3:01CV1280(SRU) |
| vs. | | |
| TOWN OF BLOOMFIELD<br>OFFICER SEAN CECCHINI<br>OFFICER DON RAJTAR,<br>    Defendants. | : | DECEMBER 22, 2003 |

## MOTION FOR TAXATION OF COSTS

Pursuant to 28 U.S.C. §§1821, 1920, 1923 and 1924 and Local Rule 17, the defendants move for taxation of costs against the plaintiff.

Defendants hereby move for taxation of costs in the amount of **$1,329.81** as itemized in the Verified Bill of Costs attached hereto in support of this motion as Exhibit A.

                                            DEFENDANTS,

                                BY _____
                                    Michelle Holmes
                                    Federal Bar No.: ct20014
                                    Sack, Spector & Karsten
                                    836 Farmington Avenue
                                    West Hartford, CT 06119
                                    Their Attorney

```
```

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 22nd day of December, 2003, to the following counsel of record:

Jon D. Golas, Esquire
Golas & Golas, P.C.
945 Main Street, Suite 306
Manchester, CT 06040

_____
Michelle Holmes

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

GEORGE TATE and DWAYNE TATE,       :   CIVIL NO.: 3:01CV1280(SRU)
    Plaintiffs,

vs.

TOWN OF BLOOMFIELD
OFFICER SEAN CECCHINI
OFFICER DON RAJTAR,                :   DECEMBER 22, 2003
    Defendants.

## VERIFIED BILL OF COSTS

I, Michelle Holmes, being duly sworn hereby depose and say:

1. I am over the age of eighteen and believe in the obligation of an oath.

2. I am the attorney for the defendants in the above-captioned matter and submit this Affidavit in support of their Motion for Taxation of Costs pursuant to 28 U.S.C. §1821, 1920, 1923 and 1924 and Local Rule 17.

3. Judgment entered in favor of all defendants on November 19, 2003. The appeal period has expired.

4. The following is an itemization of costs incurred to defend against the suit brought by the plaintiff.

**Removal Fee:**

    Date: 7/9/01                Amount:        $150.00

**Deposition Transcripts:**

    Deponent:
    Officer Sean R. Cecchini
    Date: 3/27/02            Amount        $ 77.00

    Deponents:
    George & Dwayne Tate
    Date: 5/2/02             Amount        $471.70

    Deponent:
    Marjorie Llewellyn
    Date:     7/31/03        Amount        $358.81

**Service Fees:**

    Witness:
    Marjorie Llewellyn
    Date: 9/10/03           Amount        $ 79.80

    Witness:
    Marjorie Llewellyn
    Date: 11/3/03           Amount        $ 97.10

    Witness:
    Coronica Richardson
    Date: 11/4/03           Amount        $ 95.40

5.   The aforementioned costs are correct and were actually and necessarily incurred in this litigation as evidenced by the receipts annexed hereto as Exhibit B.

                                      _____
                                      Michelle Holmes

Subscribed and sworn to before me on this 22nd day of December, 2003.

                                      _____
                                      Commissioner of the Superior Court

RECEIPT FOR PAYMENT
DISTRICT COURT OF
CONNECTICUT
HARTFORD DIVISION

H003791

3:01-cv-01280

RECEIVED FROM:

SACK SPECTOR & KARSTEN                                    jdw
836  FARMINGTON AVENUE
WEST HARTFORD, CT 06119                   n

Case Number: 3:01CV1280                   19

F/U/B/O:

Party ID:
TATE, ET AL, TOWN OF BLOOMFI

Tender Type:            CHECK

01-086900               $60.00

Civil Filing-086900

Remarks: check # 2488 USDJ:SRU
01-510000               $90.00

Civil Filing-510000

Remarks:
    Subtotal:          $150.00

Receipt Total:         $150.00
=====================================
* Checks and drafts are accepted
subject to collections and full
credit will only be given when
the check or draft has been
accepted by the financial
institution on which it was drawn.

    Date:    7/9/01
    Clerk:
             _____
                   JW

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

**COPY**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

George Tate
Dwayne Tate

**DEFENDANTS**

Town of Bloomfield
Officer Sean Cecchini
Officer Don Rajtar

FILED
JUL 06 12 36 PM '01
U.S. DISTRICT COURT
HARTFORD CONN

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Hartford
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

David A. Golas, II, Esquire
Golas & Golas, P.C., 945 Main Street
Suite 306, Manchester, CT 06040 - 646-4545

**ATTORNEYS (IF KNOWN)**

Scott M. Karsten, Esquire
Sack, Spector & Karsten, 836 Farmington
Avenue, West Hartford, CT 06119 - (860)233-8251

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

SACK, SPECTOR & KARSTEN

2488

VENDOR ID: CLERK
PAYEE:     Clerk of Court

CHECK NO: 00002488                                 DATE: 07/05/01
                    MEMO: Tate v. Bloomfield Removal Fee

ACCOUNT

4100 Less: Client Expenses

AMOUNT

150.00

CHECK TOTAL:  ******$150.00

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Alleged violations of 42 U.S.C. Sections 1983 and 1988

| VII. REQUESTED IN COMPLAINT: | CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23 | DEMAND $ +$15,000.00 | CHECK YES only if demanded in complaint JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
July 6, 2001

SIGNATURE OF ATTORNEY OF RECORD
*Scott M. Karsten* (signature)

FOR OFFICE USE ONLY                Scott M. Karsten

**SACK, SPECTOR & KARSTEN**

| | | | |
|---|---|---|---|
| VENDOR ID: | SULLIVAN & | CHECK NO: 00003546 | DATE: 07/08/02 |
| PAYEE: | Sullivan & Associates, LLC | MEMO: Tate v. Bloomfield | |

3546

ACCOUNT                                           AMOUNT

4100 Less: Client Expenses                         77.00

CHECK TOTAL:    *********$77.00

496 ID - A
Bloom / Tate

**SULLIVAN & ASSOCIATES, LLC**
Certified Shorthand Reporters
P.O. Box 804
Danielson, Connecticut 06239
(860) 871-7574
Employer ID #06-1557813

OKAY MH

April 16, 2002

INVOICE NUMBER 350CL

Michelle Holmes, Esquire
Sack, Spector and Karsten, LLP
836 Farmington Avenue
West Hartford, Connecticut 06119-1544

Re: <u>George W. Tate and Dwayne Tate v. Town of Bloomfield, Et Al</u>

---

| | |
|---|---|
| Copy of the deposition of Officer Sean R. Cecchini, United States District Court case, held on March 27, 2002 | $72.00 |
| Shipping & Handling | 5.00 |
| TOTAL | $77.00 |

**THANK YOU!**



**SACK, SPECTOR & KARSTEN**

VENDOR ID: TYSZKA
PAYEE:     Patricia Tyszka, RPR

CHECK NO: 00003586
MEMO: Inv. #4516

3586

DATE: 07/12/02

| ACCOUNT | AMOUNT |
|---|---|
| 4100 Less: Client Expenses | 471.70 |

CHECK TOTAL: *******$471.70

PATRICIA TYSZKA, LSR, RMR
═══════════════════*COURT REPORTING SERVICES*═══════════════════
189 Old Forge Road
Riverton, Connecticut 06065-1214
(860) 379-7955

INVOICE

TO:  Michelle Holmes, Esq.                    DATE: 6/3/02
     Sack, Spector & Karsten                  INVOICE #: 4516
     836 Farmington Avenue                    TAX ID #: 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
     West Hartford, CT  06119

RE: George Tate and Dwayne Tate vs Town of Bloomfield, et al.

---

**DEPOSITION OF:**  George Tate, Dwayne Tate   5/2/02

| | | | |
|---|---|---|---|
| **APPEARANCE FEE:** | | | 80.00 |
| **TRANSCRIPT:** | No. of Pgs: | 100 @ 3.65 | 365.00 |
| (Org & 1 copy) | | | |
| | | SUBTOTAL | 445.00 |
| **XEROXING:** | | | |
| **DISKETTE:** | | | |
| **COMPRESSED:** | | | |
| | | SUBTOTAL | 445.00 |
| | | SALES TAX | 26.70 |
| | | TOTAL | 471.70 |

# INVOICE

## ROBERT TASILLO STATE MARSHAL
30 WOODLAND STREET, APT. 4-F
HARTFORD, CONNECTICUT 06105
PAGER: 340-5300
CELL: 860-559-9702

July 9, 2003

Sack, Spector & Karsten, LLP
Attn: Michelle Holmes, Esq.
836 Farmington Avenue
West Hartford, CT 06119


RE: TATE, ET AL vs TOWN OF BLOOMFIELD, ET AL


July 10, 2003    Services rendered    $ 79.80

My fee includes $ 40.00 paid out for witness fees


Federal Subpoena - Marjorie Llewellyn


**INVOICE DUE UPON RECEIPT**

**Thank You**

# PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|
| SERVED | July 10, 2003 | | 7 Craigmore Road<br>Bloomfield, Ct. 06002 |
| SERVED ON (PRINT NAME)<br>Marjorie Llewellyn | | MANNER OF SERVICE<br>IN "Hand" | |
| SERVED BY (PRINT NAME)<br>Robert J. Tasillo | | TITLE<br>State Marshal, Hartford County | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   July 10, 2003
                    Date

Signature of Server

```
Service:  30.00
Copies:    2.00
End:       1.20
Travel:    6.60
Wit. Fee: 40.00
Total:   $79.80
```

30 Woodland Street

Address of Server

Hartford, Ct. 06105

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorneys' fee.
  (2)(A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
  (3)(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i)   fails to allow reasonable time for compliance;
        (ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
        (iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv)   subjects a person to undue burden.
  (B)   If a subpoena
        (i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d)   DUTIES IN RESPONDING TO SUBPOENA.
  (1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (2)   When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

PATRICIA TYSZKA, LSR, RMR
=====COURT REPORTING SERVICES=====
189 Old Forge Road
West Hartland, Connecticut 06091
(860) 379-7955

INVOICE

**TO:** Michelle Holmes, Esq.  
Sack, Spector & Karsten  
836 Farmington Avenue  
West Hartford, CT 06119  

**DATE:** 9/5/03  
**INVOICE #:** 5053  
**TAX ID #:** 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  

Blmfd/Tate 796ida

**RE:** George Tate and Dwayne Tate vs Town of Bloomfield, et al.

| | | |
|---|---|---|
| **DEPOSITION OF:** Marjorie Llewellyn 7/31/03 | | |
| **APPEARANCE FEE:** | | 80.00 |
| **TRANSCRIPT:** No. of Pgs: 57 @ 4.40 | | 250.80 |
| (Org & 1 copy) | | |
| | SUBTOTAL | 330.80 |
| **XEROXING:** | | |
| **DISKETTE:** | | |
| **COMPRESSED:** | | |
| **POSTAGE:** | | 7.70 |
| | SUBTOTAL | 338.50 |
| | SALES TAX | 20.31 |
| | TOTAL | 358.81 |

SACK, SPECTOR & KARSTEN

VENDOR ID: TYSZKA
PAYEE: Patricia Tyszka, RPR

CHECK NO: 00005640  DATE: 10/22/03
MEMO: Inv. #5053

5640

ACCOUNT                                      AMOUNT
4100 Less: Client Expenses                   358.81

CHECK TOTAL:    *********$358.81

# INVOICE

## ROBERT TASILLO STATE MARSHAL
30 WOODLAND STREET, APT. 4-F
HARTFORD, CONNECTICUT 06105
PAGER: 340-5300
CELL: 860-559-9702

November 4, 2003

Sack, Spector & Karsten, LLP
Attn: Michelle Holmes, Esq.
836 Farmington Avenue
West Hartford, CT 06119

**RE: GEORGE TATE, et al vs TOWN OF BLOOMFIELD, et al**

November 3, 2003    Services rendered    $ 42.10

Subpoena – Marjorie Llewellyn

**INVOICE DUE UPON RECEIPT**

**Thank You**

---

**SACK, SPECTOR & KARSTEN**

VENDOR ID: TASILLO
PAYEE: Robert J. Tasillo

CHECK NO: 00004427
MEMO: Bloomfield/Tate Witness Fee

4427

DATE: 11/03/03

ACCOUNT

4100 Less: Client Expenses

AMOUNT

55.00

CHECK TOTAL:   ********$55.00

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 11/3/03 | 7 Craigmore Road<br>Bloomfield, CT |
| SERVED ON (PRINT NAME)<br>MARJORIE LLEWELLYN | | MANNER OF SERVICE<br>In hand |
| SERVED BY (PRINT NAME)<br>Robert Tasillo | | TITLE<br>State Marshal |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   11/3/03
                    Date

Pages     2.00
Endorse    .80
Service  30.00
Travel    9.30

Total  $ 42.10

*Signature of Server*

30 Woodland Street

Address of Server
Hartford, CT 06105

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorneys' fee.
    (2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
    (3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i)    fails to allow reasonable time for compliance;
        (ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
        (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv)    subjects a person to undue burden.
    (B)    If a subpoena
        (i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d)    DUTIES IN RESPONDING TO SUBPOENA.
    (1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# INVOICE

**ROBERT J. TASILLO**
**STATE MARSHAL-HARTFORD COUNTY**
**30 WOODLAND STREET, Suite 4F**
**HARTFORD, CONNECTICUT 06105**
PAGER: 340-5300
CELL: 860-559-9702

November 5, 2003

Sack, Spector & Karsten
Attn: Michelle Holmes, Esq.
836 Farmington Avenue
West Hartford, CT 06119

**RE: GEORGE TATE, et al vs. TOWN OF BLOOMFIELD, et al**

November 4, 2003        Services rendered        $ 40.40

Federal Subpoena - Coronica Richardson

**INVOICE DUE UPON RECEIPT**

**Thank You**

---

SACK, SPECTOR & KARSTEN

VENDOR ID: CORONICARI
PAYEE: Coronica Richardson

CHECK NO: 00004428
MEMO: Tate v. Bloomfield Witness Fee

**4428**

DATE: 11/04/03

ACCOUNT
4100 Less: Client Expenses

AMOUNT
55.00

CHECK TOTAL:   ********$55.00

# PROOF OF SERVICE

| | DATE | PLACE | Bloomfield High School |
|---|---|---|---|
| SERVED | 11/4/03 | | 5 Huckleberry Lane |
| | | | Bloomfield, CT |
| **SERVED ON (PRINT NAME)** | | **MANNER OF SERVICE** | |
| Donald Harris, Principal duly authorized to accept service. | | In hand | |
| **SERVED BY (PRINT NAME)** | | **TITLE** | |
| Robert Tasillo | | State Marshal | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    November 4, 2003
                           Date

Pages    2.00
Endorse   1.20
Service   30.00
Travel    7.20

Total     40.40

*[Signature]*
Signature of Server

30 Woodland Street
Address of Server

Hartford, CT 06105

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorneys' fee.
    (2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
    (3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i)      fails to allow reasonable time for compliance;
        (ii)     requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
        (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv)    subjects a person to undue burden.
    (B)     If a subpoena
        (i)      requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d)     DUTIES IN RESPONDING TO SUBPOENA.
    (1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (2)     When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.