UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DWAYNE TATE                          :

    v.                               :          CIVIL CASE NO.
                                     :          3:01 CV 1280 (SRU)
OFFICER SEAN CECCHINI                :

                                     :

## JURY INSTRUCTIONS

Members of the jury, you now have heard all of the evidence.  At this point, I am going to instruct you about the law that applies to this case.  At the outset, I want to express my thanks to you for the time and energy you have devoted to this trial.  Jury service is rarely convenient, but without you justice could not be done in this case.

It will take some time for me to read these instructions to you but it is important that you listen carefully and pay close attention.  You have been provided with a copy of my instructions so that you can read along as we go.  If you want to make notes, please use your notebooks because these copies will be collected at the end of my instructions and you will not be permitted to take them into the jury room with you.  Only one official copy will be allowed in the jury room for your consideration.

My instructions will be in three parts: First, I will discuss general rules concerning the role of the court and the duty of the jury; second, I will go over the issues in this case and set out the specific questions of fact that you must answer based on the evidence at trial; and third, I will give you some rules and guidelines for your deliberations.

Before we begin, I ask you to look over the other document that was placed on your seats-- namely, the verdict form.  After I have given these instructions, you will go back into the

jury room to deliberate. You will have with you the following: the original of the verdict form, the original exhibits, a copy of these instructions and any personal notes that you may have taken. At the conclusion of your deliberations, you will use the verdict form to report your verdict to the court and the parties.

## SECTION I: GENERAL INSTRUCTIONS
## ROLE OF THE COURT

As Judge, I perform basically two functions during the trial. First, I decide what evidence you may consider. You have heard me doing that throughout the trial. Second, I instruct you on the law that you are to apply to the facts in this case. I gave you some preliminary instructions before trial began, and some during the course of the trial, but it is now—at the close of evidence—that most of the instructions are given, so please be patient and listen closely.

If either of the lawyers state the law differently than the way I am explaining it to you, you are to follow my instructions.

## INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

This is a long instruction, and I may repeat certain parts. That does not mean that those parts should be emphasized. You should not single out any one part of my instructions and ignore the rest. Instead, you should consider all of the instructions as a whole and consider each instruction in light of all the others.

The order in which I give you instructions does not indicate their relative importance. Do not read into these instructions, or into anything I have said or done, any suggestion from me

about what verdict you should return -- that is a matter for you alone to decide.

I should also point out to you that, although you have been given a copy of the instructions to follow as I deliver them, if I say aloud anything at all different from what is written, you must follow what I say here in court.

## BOTH SIDES ENTITLED TO FULL AND FAIR HEARING

Regardless of your ultimate decision about the parties' claims and defenses, all parties in this case are entitled to a full and fair hearing. You must remember that one of the most important functions of our system is to give all the parties to a dispute their day in court, regardless of the final outcome of the case.

It is your duty, therefore, to give careful thought to every issue set forth by these instructions, regardless of any general feeling that you may have about which party is right.

## OBJECTIONS AND RULINGS

It is the duty of an attorney to object to testimony or other evidence that the attorney believes is not properly admissible. You should not prefer or dislike either of the attorneys or their clients because an attorney made objections -- or because an attorney failed to make objections.

If I have allowed testimony or evidence that an attorney objected to, you should not give that evidence greater or lesser weight than other evidence. My rulings on objections have nothing to do with the credibility of the witnesses.

If I have sustained an objection to a question asked of a witness, you must disregard the

question entirely, and may draw no inference from the question, nor speculate about what the witness would have said if he or she had been permitted to answer the question. If I have granted a motion to strike, you must disregard the part of the answer that was stricken, because it is not evidence.

## DUTIES OF THE JURY

It is your duty to find the facts from all the evidence in the case. In reaching a verdict, you must carefully and impartially consider all of the evidence in the case and then apply the law as I have explained it to you. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any understanding or interpretation of the law other than the one I give you. And you must do your duty as jurors regardless of any personal likes, dislikes, opinions, prejudices or sympathies. In other words, you must decide the case solely on the evidence before you, and you must do so fairly and impartially.

The verdict you reach must be unanimous; that is, agreed upon by each of you. You must each decide the case for yourself, but do so only after impartial consideration of the evidence in the case with your fellow jurors.

## "PROVE," "FIND," AND "ESTABLISH"

Throughout the remainder of my instructions to you, I will use the word "prove" when talking about what the plaintiff must do in order to establish liability or what the defendant must do to establish an affirmative defense. My use of the word "prove" means "prove by the

appropriate burden of proof," even if I do not always repeat those words.  Similarly, when I
speak of your "finding" various facts, you must find those facts to have been proven by the
appropriate burden of proof, even if I simply use the word "find."  Likewise, I will speak of the
parties "establishing" various facts.  Even if I simply use the word "establish," you must find that
fact has been established by the appropriate burden of proof.

## BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

Because this is a civil case, the plaintiff has the burden of proving every disputed part of
his claims by a preponderance of the evidence.

To establish a fact by a preponderance of the evidence, the plaintiff must prove that the
fact is more likely true than not true.  In other words, if you find that the credible evidence on a
given issue either favors the defendant or is evenly divided between the plaintiff and the
defendant, then you must decide that issue for the defendant.  However, if the plaintiff proves that
a fact is more likely true than not, even slightly more true than not, then you are to find that the
plaintiff has proven the fact by a preponderance of the evidence.

In determining whether a claim has been proven by a preponderance of the evidence, you
may consider the testimony of all witnesses, regardless of who may have called them, and all the
exhibits received in evidence, regardless of who may have presented them.

A preponderance of the evidence means the greater weight of the evidence; it refers to the
quality and persuasiveness of the evidence, not to the number of witnesses or exhibits.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper
standard of proof in a criminal trial.  That requirement does not apply to a civil case such as this,

and you should not consider or discuss that standard in your deliberations.

## SECTION II: ISSUES IN THIS CASE

Now, let me turn to the specific claims in this case. The plaintiff brings two constitutional claims in this lawsuit. Specifically, Dwayne Tate alleges that Sean Cecchini violated Dwayne Tate's rights under United States Constitution and the Connecticut Constitution.

In order to prove a claim under these constitutional claims against the defendant, the plaintiff must prove, by a preponderance of the evidence, each of the following four elements:

(1)     that the defendant acted under the color of state authority;

(2)     that the plaintiff was deprived of one or more rights secured by the Constitution of the United States or the Constitution of the State of Connecticut;

(3)     that the defendant committed the acts that caused the plaintiff to be subjected to the deprivation of rights; and

(4)     that such acts as you find violated the plaintiff's rights were the proximate cause of damages sustained by him.

The plaintiff may not recover on these constitutional claims against the defendant unless he has proven by a preponderance of the evidence each of these elements, which I will now address in detail.

6

## A.  FIRST ELEMENT OF THE CONSTITUTIONAL CLAIMS:
## UNDER COLOR OF LAW

In order to prove the first element of a constitutional claim, the plaintiff must prove that the defendant was acting under the color of legal authority, in this case, the authority of the Town of Bloomfield.  Acting under color of law simply means that the activities at issue occurred while the defendant was performing official duties.   No one disputes that the defendant was acting under color of law in this case.  Therefore, the first element of the plaintiff's constitutional claims has been established, by agreement of the parties.

## B. SECOND ELEMENT OF THE CONSTITUTIONAL CLAIMS:
## DEPRIVATION OF CONSTITUTIONAL RIGHT

In order to prove the second element of a constitutional claim, the plaintiff must prove that he was deprived of a right protected by the United States Constitution or the Constitution of the State of Connecticut.  In this case, the plaintiff alleges that the defendant deprived him of his federal and state constitutional rights by subjecting him to an unlawful arrest.  The plaintiff can prove the second element of a constitutional claim if he proves the elements of an unlawful arrest.

## UNLAWFUL ARREST

Dwayne Tate claims that he was arrested on or about June 18, 1999, without probable cause to believe he committed an offense or crime.  Under the United States and Connecticut Constitutions, an arrest may be made only when a police officer has probable cause to believe that the person arrested has engaged in criminal conduct.  An arrest without probable cause is unlawful.

The critical question for you to decide is whether Dwayne Tate's arrest on or about June 18, 1999, was lawful. Whether the arrest was lawful depends upon whether the defendant had probable cause to believe that Dwayne Tate was committing the offense of criminal trespass or breach of the peace.

What does the law mean by probable cause? Probable cause is not proof beyond a reasonable doubt or proof sufficient to convict. Neither, however, is it mere speculation or surmise. Probable cause exists when the facts and circumstances within the knowledge of the police officer, at the time the arrest was made, were sufficient to warrant a reasonable belief that an offense or a crime was being committed by the person arrested. This determination is made on the basis of the totality of the circumstances viewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of the arrest.

The plaintiff has the burden of establishing by a preponderance of the evidence that Dwayne Tate was arrested without probable cause. If probable cause existed for the arrest, then the arrest was lawful.

In order for you to determine whether the defendant had probable cause to arrest Dwayne Tate for the charges made against him, I shall instruct you as to the elements of the crime and the offenses that he was initially charged with committing when he was arrested.

Dwayne Tate was charged with both first degree criminal trespass and second degree breach of the peace. You will have to determine whether there was probable cause to arrest Dwayne Tate for either of these two charges.

An individual is guilty of criminal trespass when:

8

Knowing that such person is not licensed or privileged to do so, such person enters or remains in a building or any other premises after an order to leave or not to enter personally communicated to such person by the owner of the premises or other authorized person . . . .

      Conn. Gen. Stat. 53a-107(1)

An individual is guilty of breach of the peace in the second degree when . . . with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person . . . (5) in a public place, uses abusive or obscene language or makes an obscene gesture . . . . For purposes of this section, "public place" means any area that is used or held out for use by the public whether owned or operated by public or private interests.

      Conn. Gen. Stat. 53a-181.

The ultimate outcome of the charges against Dwayne Tate is not relevant to the issue of initial probable cause to arrest. This is because the question of probable cause must be determined on the basis of the facts and circumstances facing the police officer at the time of the arrest.

Accordingly, on the issue of the alleged constitutional violation of making an unlawful arrest, if you determine that the plaintiff established, by a preponderance of the evidence, that there was no probable cause to arrest Dwayne Tate, your verdict must be in favor of the plaintiff on the unlawful arrest charge. However, if you determine that there was probable cause to arrest Dwayne Tate, then the arrest would be lawful and your verdict must be in favor of the defendant.

## C. THIRD ELEMENT OF A CONSTITUTIONAL CLAIM: CAUSATION

In order to prove the third element of a constitutional claim, the plaintiff must prove the defendant's conduct was the cause of the alleged constitutional deprivation. The defendant caused a constitutional deprivation if he committed the acts that violated the plaintiff's rights. If

you find that there was a constitutional violation, but it was not caused by the conduct of the defendant, then the plaintiff has failed to establish the third element of his claim.

### D.  FOURTH ELEMENT OF A CONSTITUTIONAL CLAIM: PROXIMATE CAUSE OF INJURY

If you find that the plaintiff has proven that the defendant deprived him of a constitutional right, you should decide if the plaintiff has proven the fourth element of a constitutional claim — that the unlawful act that deprived the plaintiff of his rights was the proximate cause of an injury suffered by him.

An injury is proximately caused by an act whenever it appears from the evidence in the case that the act played a substantial part in bringing about or actually causing the injury, and that injury was either a direct result or a reasonably probable consequence of the act.  This does not mean that the law recognizes only one proximate cause of an injury, consisting of only one factor or thing, or the conduct of only one person.  On the contrary, many factors or things may operate at the same time either independently or together, to cause injury; and in such a case, each may be a proximate cause.

If you find that the plaintiff has proven, by a preponderance of the evidence, that the conduct of the defendant proximately caused an injury suffered by the plaintiff, then the plaintiff has proven the fourth and final element of the constitutional claim as to the defendant.  If you find that the plaintiff has proven all four elements of his constitutional cause of action, you should then turn to the issue of qualified immunity, which I will now discuss.

10

## QUALIFIED IMMUNITY

The defendant in this case has asserted the affirmative defense of qualified immunity.  With respect to the plaintiff's constitutional claims, even if you find that the defendant violated the plaintiff's right to be free from an unlawful arrest, the defendant may not be liable to the plaintiff because the defendant may be entitled to what the law calls qualified immunity.

If you have concluded that the defendant did violate the plaintiff's constitutional right to be free of an unlawful arrest, and that the violation proximately caused injury to the plaintiff, then you must determine whether the defendant is nevertheless entitled to qualified immunity.  The law excuses police officers or other government officials for mistakenly but reasonably violating another person's rights.  A police officer is entitled to the defense of qualified immunity if, under all of the circumstances, reasonable police officers could disagree about the reasonableness of the defendant's conduct.  If reasonable police officers would agree that a defendant's conduct was unreasonable, the defense of qualified immunity does not apply.

The defendant has the burden of proving qualified immunity from a constitutional claim by a preponderance of the evidence.

That concludes my instruction as to the affirmative defense of qualified immunity to a constitutional claim.

## CONSIDER DAMAGES ONLY IF NECESSARY

If the plaintiff has proven by a preponderance of the credible evidence that defendant is liable, then you must determine the amount of damages, if any, to which the plaintiff is entitled. You should bear in mind that the plaintiff has the burden of proving both that he suffered damages

as a result of the defendant's actions, and the extent of those damages.

Before I instruct you on the issue of damages, a few words of caution are in order. The fact that I am instructing you on the subject of damages does not mean that I have an opinion one way or the other on whether you should or should not reach the issue of damages in your deliberations. Again, you are only to reach the issue of damages if you find by a preponderance of the credible evidence that the defendant is liable. These instructions are for your guidance, should you reach the issue of damages.

## COMPENSATORY DAMAGES

If you return a verdict for the plaintiff, then you may award them a sum of money that you believe will fairly and justly compensate him for any injury you decide the plaintiff actually sustained as a direct consequence of the conduct of the defendant. The purpose of compensatory damages is to place the plaintiff in as good a position as he would have been in were it not for a defendant's wrongful conduct.

You shall award actual damages only for those injuries that you find the plaintiff has proven by a preponderance of the evidence to have been the direct result of the defendant's conduct. That is, you may not simply award actual damages for any injury suffered by the plaintiff -- you can award actual damages only for those injuries that are a direct result of actions by parties named in the case.

You must distinguish between, on the one hand, the existence of a violation of the plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from such a violation. Thus, even if you find that the defendant is liable on a claim in the complaint, you then

have to ask whether the plaintiff has proven by a preponderance of the evidence that the deprivation caused the damages that he claims he suffered.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. The amount of compensatory damages may include reasonable compensation for any pain, discomfort, fear, humiliation, anxiety and other emotional loss the plaintiff has proven he actually suffered as a result of the defendant's conduct. In this case, you may take into consideration any emotional damages suffered by the plaintiff at the hand of the defendant during and immediately following Dwayne Tate's arrest and detention.

NOMINAL DAMAGES

If you find, after considering all the evidence presented, that the defendant violated the plaintiff's rights, but that the plaintiff suffered no injury as a result of this violation, you may award the plaintiff "nominal damages." You would award nominal damages if you conclude that the only injury that the plaintiff suffered was the deprivation of his rights, without any resulting physical, emotional or financial damage.

You may also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guesswork.

You may not award both nominal and compensatory damages to the plaintiff; either he was measurably injured, in which case you must award compensatory damages, or else he was not, in which case you may award nominal damages.

13

Nominal damages may not be awarded for more than a token sum, typically $10.

## PUNITIVE DAMAGES

If you find for the plaintiff and you award him compensatory or nominal damages, then you may also make a separate and additional award of punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing such acts in the future.

Whether you decide to award any punitive damages should be based on whether you find that the defendant engaged in one of the following:

1.    Willful or malicious violations of the plaintiff's rights;

2.    An intentional act in gross disregard of the plaintiff's rights; or

3.    Reckless disregard of whether or not he was violating the plaintiff's rights.

If you find any of these three things to have been proven, then you may award punitive damages, but you need not do so.

If you decide to award punitive damages, then in determining the appropriate sum of money to be awarded as punitive damages you should consider the degree to which the defendant should be punished for wrongful conduct, and the degree to which an award of one sum or another will deter this defendant, or others like him, from committing wrongful acts in the future.

If you determine from the evidence presented in court that the defendant's conduct justifies an award of punitive damages, you may award an amount of punitive damages that all jurors agree is proper. In fixing the amount, you should consider the following questions: How

14

offensive was the conduct?  What amount is needed to prevent repetition?  Does the

amount have a reasonable relationship to the actual damages awarded?

     The decision whether to award punitive damages is yours alone.  If you do award punitive

damages, you should fix the amount using calm discretion and sound reason.  You must not be

influenced by sympathy for or dislike of any party in the case.


## SECTION III: INSTRUCTIONS FOR DELIBERATIONS
## THREE FORMS OF EVIDENCE

     Next I want to discuss with you generally what we mean by evidence and how you should

consider it.  The evidence from which you are to decide what the facts are comes in one of three

forms:

     First, there is the sworn testimony of witnesses, both on direct examination and cross-

examination, and regardless of who called the witness.

     Second, there are the exhibits that have been received into the trial record.

     Third, there are any facts to which all the lawyers have agreed or stipulated, or that I have

directed you to find.


## WHAT IS AND IS NOT EVIDENCE

     The evidence in this case is the sworn testimony of the witnesses, the exhibits received in

evidence and the stipulations.  It is the witnesses' answers that are evidence.  At times, a lawyer

on cross-examination may have incorporated into a question a statement that assumed certain

facts to be true, and asked the witness if the statement was true. If the witness denied the truth

of a statement, and if there is no evidence in the record proving that assumed fact to be true, then

you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded by the court also is not evidence and may

not be considered by you in rendering your verdict. Further, if certain testimony was received for

a limited purpose, such as for the purpose of assessing a witness's credibility, you must follow the

limiting instructions I have given for that testimony.

What the lawyers say in their closing arguments, in their comments, objections and

questions is not evidence. What they say in their closing arguments is intended to help you

understand the evidence and to reach your verdict. However, if your recollection of the facts

differs from the lawyers' statements, you should rely on your memory.

Moreover, what I may have said during the trial or what I may say in these instructions is

not evidence and my rulings on the admissibility of evidence do not indicate any opinion about the

weight or effect of such evidence. Exhibits that have been marked for identification may not be

considered by you as evidence unless and until they have been received into evidence by the court.

Exhibits were received into evidence either because the parties stipulated to their admission, or

when I said that an exhibit was admitted as a "full" exhibit.

In addition, materials used only to refresh a witness's recollection are not evidence unless

they are admitted as full exhibits.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard

and to the exhibits you have seen.

## DIRECT & CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may properly use in reaching your verdict. One type of evidence is direct evidence. Direct evidence includes a witness's testimony about something the witness knows by virtue of his or her own senses -- something he or she has seen, felt, touched or heard.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that, because there are no windows in this courtroom, you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. On the basis of your reason, experience and common sense, you infer from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all of the evidence presented.

## INFERENCE DEFINED

During the trial you may have heard the attorneys use the term "inference," and in their

arguments, they may ask you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists because another fact has been shown to exist.

There are times when different inferences may be drawn from the same facts, whether proved by direct or circumstantial evidence. The plaintiff may ask you to draw one set of inferences, while the defendant asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. The mere existence of an inference against the defendant does not relieve the plaintiff of the burden of establishing his case by a preponderance of the evidence. Finally, you may not draw any inferences from the mere fact that the plaintiff filed this lawsuit.


## WITNESS CREDIBILITY - GENERAL

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence

that may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness? You base it on what you have seen and heard. You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Was he or she frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor -- that is, their behavior, manner and appearance while testifying? Often it is not what a person says but how he or she says it that convinces us.

You should use all the tests for truthfulness that you would use in determining matters of credibility in your every day life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear and know the things about which he or she testified, the accuracy of the witness's memory, candor or lack of candor, intelligence, the reasonableness and probability of the witness's testimony, its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

Always remember that in assessing any witness's testimony you should use your common sense, your good judgment, and your own life experience.

## TESTIMONY OF POLICE OFFICERS

Some of the testimony that you have heard has been the testimony of police officers. The testimony of a police officer is entitled to no greater and no less weight than any other witness's testimony. A police officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does. When you consider a police officer's

19

testimony, you should use the same tests for truthfulness that you use with other witnesses.

## IMPEACHMENT OF WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony.  It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If a witness testified untruthfully in some respect, you may consider that fact in deciding the weight you will give to that witness's testimony.  Considering that fact and all other relevant evidence, you may accept or reject the testimony of each witness either in whole or in part.

## UNCONTRADICTED TESTIMONY

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not discredited or impeached.  You may decide, because of the witness's manner and demeanor or because of the improbability of his or her testimony or for other reasons, that such testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be enough to convince you of a fact in dispute, if you believe that the witness has truthfully and accurately related what in fact occurred.

## NOTE TAKING

I am now done with the instructions on the specific claims in this case. In closing, I must add a few general instructions concerning your deliberations. You were permitted to take notes during the course of the trial. Any notes you have taken should be used only as memory aids; do not give your notes more importance than your independent recollection of the evidence. If you did not take notes, you should rely on your own memory of the proceedings and should not be unduly influenced by the notes of other jurors.

## JURY BIAS

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence. Please bear in mind that all litigants are equal before the law. You should not, therefore consider any personal feelings you may have about the race, religion, national origin, sex, age, wealth, lifestyle, or other features of the parties. Likewise, the mere fact that the defendant is a police officer does not mean that he is entitled to any greater or lesser consideration by you. Similarly, it would be wrong for you to allow feelings you might have about the nature of the claims against the defendant to influence you in any way.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence presented here. If you let sympathy or prejudice interfere with your clear thinking about the facts, there is a risk that you will not arrive at a just verdict.

In reaching your verdict, you are not to be affected by sympathy for, or prejudice against, any of the parties. Each of the parties to this case must be regarded as equals by you. This is the agreement you made when you were selected as jurors and it is the position that must guide your

deliberations.

## CLOSING ARGUMENTS

At this point we will interrupt the instructions to hear closing arguments of counsel. I will conclude the instructions after those summations. Remember, what the lawyers say in their closing arguments is not evidence, but it is merely argument about what the evidence shows.

## CONCLUSION

Your verdict must be unanimous and represent the considered judgment of each juror.

Each of you must make your own decision, but you must consider impartially all of the evidence and the views of your fellow jurors. It is your duty to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with the individual judgment of each juror. Until a verdict is agreed to by each juror, it is not a unanimous verdict.

In the course of your discussion, do not hesitate to re-examine your own individual views, or to change your opinions, if the deliberations and the views of your fellow jurors convince you to do so. However, you should not surrender your honest convictions about the facts or about the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to bring an end to deliberations.

Remember at all times that you are not biased, rather you are the judges of the facts and your sole interest is to seek the truth from the evidence in this case.

When you return to the jury room, you should first elect one person to act as your

foreperson, who will preside over your deliberations and will be your spokesperson here in court.

A verdict form has been prepared for your convenience. Focusing on the questions set forth in the verdict form will assist you in your deliberations. You must complete and return the verdict form in court when you have reached your decision. You will be asked to answer the questions in the order in which they appear on the form, and each answer must be unanimous. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date and sign the verdict form. Then inform the court security officer or clerk that you have reached a verdict. The verdict form must be used only in connection with the charge I have just given to you. The terms used in the verdict form are discussed in my instructions, and these instructions must govern your deliberations.

I want to caution you now to take your time when completing the verdict form. As you will see when you retire to the jury room, the form consists of several questions. Each question calls for either a "yes" or "no" answer or a monetary amount. Answer each question as it appears and only those questions. As you review the form, you will see that there are instructions printed in *italics print* after each question. Please read these instructions and follow them carefully. Depending on your answer to a particular question, it may not be necessary to answer a later question. The italicized instructions will guide you through the verdict form. Finally, be consistent in your responses.

When you go into the jury room to begin your deliberations, you will have exhibits with you but you will not have a transcript of the testimony. If you need to have testimony read back to you, we will do so. Please understand that it is difficult and time-consuming to locate and read back testimony. If you nevertheless require a read back, please be as specific as possible about

the portions of the testimony you want to hear.

Any communication with the court should be made to me in writing, signed by your foreperson, and given to the court security officer or clerk. I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I also must warn you that in your communications with the court you should never reveal your numerical division at any time.

It is proper to add a final caution. Nothing that I have said in these instructions -- and nothing that I have said or done during the trial – has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

Thank you for your attention.