UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

GEORGE TATE and DWAYNE TATE

      v.                           3:01cv1280 SRU

TOWN OF BLOOMFIELD, et al

## RULING ON BILL OF COSTS

On November 19, 2003, judgment entered for the defendants after a jury trial. On December 24, 2003, the defendants submitted a Bill of Costs and on January 5, 2004 an objection was filed by the plaintiffs. For the reasons stated below, the defendants' bill of costs is granted in part and denied in part.

A. FEES OF THE CLERK: The defendants submit a claim for fees of the clerk in the amount of $150.00. The filing fee for the petition for removal in the amount of $150.00 is allowed pursuant to 28 U.S.C. § 1920 and Local Rule 54(c)6.(iii). Costs are entered in the amount of **$150.00.**

B. FEES OF THE STATE MARSHAL: The defendants submit claims for service fees of subpoenas one of which includes the statutory witness fee. The defendants are allowed to recover costs for service only to the extent that the costs of service do not exceed the costs that would have been charged if the U.S. Marshal effected service, U.S. v. Merritt Meridan Constr. Corp., 95F.3d 153 (2d Cir. 1996). Witness fees are taxable when the witness has actually testified pursuant to Local Rule 54(c)4.(I). The defendants submit a claim for service of a subpoena on Marjorie Llewellyn in the

amount of $79.80 (witness fee of $40.00 and service fees of $39.80) executed on 7/10/03, this claim is allowed.  The defendants submit another claim for service of a subpoena on Marjorie Llewellyn on 11/3/03 in the amount of $97.10.  The supporting documentation for this claim shows a total of $42.10, therefore this claim is reduced to $40.00 which is the statutory fee of the U.S. Marshal.  The defendants submit a claim for service of a subpoena on11/4/03 on Coronica Richardson in the amount of $95.40.  The supporting documentation for this claim shows a total of $40.40, therefore this claim is reduced to $40.00 which is the statutory fee of the U.S. Marshal.  Claims for service of subpoenas are allowed in the amount of **$159.80**.

      B. FEES FOR COURT REPORTER: Defendant is entitled to costs for an original and one copy of the transcript and any court reporter attendance fees, to be taxed at the prevailing page rate pursuant to Local Rule 80.  Pursuant to Vol VI, Chap. XX of the "Guide to Judiciary Policies and Procedures", maximum transcript rates for an original and one copy are $3.75 per page.  Postage and handling and charges for delivery of transcripts are not recoverable as costs, Wahl v. Carrier Mfg. Co., Inc. 511 F.2d 209, 217 (7$^{th}$Cir., 1975).  Condensed, ASCII disk, expedited or daily transcripts are also not recoverable as costs.  Deposition transcripts are taxable if used at trial in lieu of live testimony, for cross-examination, for impeachment or in support of a successful motion for summary judgment pursuant to Local Rule 54(c)2.(ii).  The defendants submit a claim for the deposition transcript of Officer Sean R. Cecchini in the amount of $77.00.  The supporting documentation does not include a page count or a page rate, therefore this claims is disallowed without prejudice to renewal within 10 days upon

submission of proper supporting documentation.  The defendants submit a claim for the deposition transcript of plaintiffs George and Dwayne Tate in the amount of $471.70 and this claim is allowed.  The defendants submit a claim for the deposition transcript of Marjorie Llewellyn in the amount of $358.81, the plaintiffs object that the transcript was not used at trial.  The witness did testify and it is likely that the transcript would have been used for cross-examination or impeachment purposes and therefore is allowed.  Costs are entered in the amount of **$830.51.**

   C. SUMMARY: For the reasons previously stated, the defendants' bill of costs are allowed as follows:

| | |
|---|---|
| Fees of the Court | $150.00 |
| Fees of the State Marshal | $159.80 |
| Fees of the Court Reporter | $830.51 |
| Total | $1,140.31 |

Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

Dated at Bridgeport, Connecticut, this 28th day of July, 2004.

              KEVIN F. ROWE, Clerk

              By____/s/Chrystine W. Cody_____
                 Deputy-in-Charge